IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TIMMY DALE WHITAKER,**     **PETITIONER**

v.     **CIVIL ACTION NO.: 1:13cv123-MPM-SAA**

**EARNEST LEE, et al.,**     **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

    Petitioner, Timmy Dale Whitaker, inmate no. 48914 currently confined at the Mississippi State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he seeks to challenge his State court convictions and sentences for the crimes of burglary of a dwelling and aggravated assault. Pending before the Court is Respondents' motion to dismiss the federal habeas petition pending in this action based on Petitioner's failure to exhaust his State court remedies. Petitioner has responded to the motion. Having considered the parties' filings and the applicable law, the Court grants Respondents' motion and dismisses the petition for the following reasons.

### Background and Procedural History

    Petitioner was convicted of aggravated assault (Count I) and burglary of a dwelling (Count II) in the Circuit Court of Alcorn County, Mississippi, on November 10, 2011. He was sentenced as an habitual offender to serve a term of twenty-five years on Count I and a consecutive term of twenty years on Count II to be served in the custody of the Mississippi Department of Corrections. (*See* Resp'ts Mot. to Dismiss, Ex. A). He appealed his convictions and sentences to the Mississippi Supreme Court, raising the following issues:

    A.    The trial court erred in not granting a mistrial following prejudicial comments

1

    made by prospective jurors during voir dire.
B. Whitaker's constitutional and statutory right to a speedy trial was violated.
C. The trial court erred in failing to suppress the statement Whitaker made to Investigator Rogers while in the hospital. Whitaker was under the influence of narcotics and could not give a knowing and intelligent waiver of his Miranda rights.
D. The trial court erred in not granting Whitaker's motion for JNOV or in the alternative a new trial, as the verdicts are against the overwhelming weight of the evidence.

The Mississippi Court of Appeals affirmed the judgment of the circuit court on August 7, 2012. (*See* Resp'ts Mot. to Dismiss, Ex. B); *see also Whitaker v. State*, 114 So. 3d 725 (Miss. Ct. App. 2012), *reh'g denied*, March 19, 2013, *cert. denied*, June 6, 2013 (Cause No. 2011-KA-00857-COA). Petitioner did not file for leave to seek post-conviction relief challenging his aggravated assault and burglary of a dwelling convictions.

In his federal habeas petition, Petitioner raises the following claims (as stated by Petitioner):

    Ground One. The trial court erred in not granting a mistrial following prejudicial comments made during voir dire.
Ground Two. Whitaker constitutional and statutory right to a speedy trial was violated by a two-year delay.
Ground Three. The trial court erred in failing to suppress the alleged statement Whitaker made to Investigator Rogers.
Ground Four. Prosecution or agency of the State (withheld) exculpatory evidence in the discovery.
Ground Five. Prosecution for the State nondisclosure of plea agreement made to its key witness William Danny Whitaker and did nothing to correct false of witness, denied Whitaker due process of law in violation of the Fourteenth Amend.
Ground Six. The trial court failed to submit any of the jury instructions tendered by the defense and specifically raises issues concerning instructions tendered by defendant.
Ground Seven. The trial court erred in not granting Whitaker's motion for JNOV or in the alternative a new trial as the verdicts are against the overwhelming weight of evidence.

## Legal Standard

A petitioner seeking federal habeas relief must first exhaust his available state court

2

remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). If a petitioner fails to exhaust his claims prior to seeking federal habeas relief, his federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 157, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

If a petitioner fails to exhaust any of his claims prior to seeking federal habeas relief, a federal district court must dismiss the "mixed petition" in its entirety. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A petitioner may, in limited circumstances, file a protective federal habeas petition and request that the habeas court stay his action and hold the petition in abeyance while he exhausts his claims in state court. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). Such a stay is only appropriate, however, if the petitioner shows (1) good cause for his failure to exhaust, (2) his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).

### Discussion

Petitioner has failed to properly exhaust the claims raised in Grounds Four, Five, and Six of his habeas petition and has thus presented the Court with a "mixed petition" subject to dismissal.[1]

---

[1] Petitioner raised Grounds Four, Five, and Six in his petition for rehearing or his petition for certiorari, neither of which are the proper place to first raise new claims not previously asserted

The Court notes that Petitioner currently has an "available procedure" under State law through which he can exhaust his claims. *See* 28 U.S.C. § 2254(c). That is, he can satisfy the AEDPA's exhaustion requirement through utilization of the Mississippi Uniform Post-Conviction Collateral Relief Act. *See, e.g.,* Miss. Code Ann. § 99-39-5(2) (" A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi[.]" (exceptions omitted)). Therefore, the Court finds that Respondents' motion should be granted and the instant action dismissed.

The Court finds that there are no "limited circumstances" that warrant a stay and abeyance in this case. *Rhines*, 544 U.S. at 277. While the federal statute of limitations under 28 U.S.C. § 2244 provides for only a one-year statute of limitations period, the Court notes that the filing of a state post-conviction application will toll the federal statute of limitations as long as the pleading is pending in state court. *See* 28 U.S.C. § 2244(d)(1) and (2). Inasmuch as the Mississippi Supreme Court denied certiorari in June 2013, Petitioner, acting with diligence, has sufficient time to exhaust his claims through a State post-conviction application and, if necessary, return to federal court and file a timely habeas petition. Therefore, a stay and abeyance is unnecessary to protect his ability to file a timely federal habeas petition after his State remedies are exhausted.

Accordingly, Respondents' motion to dismiss the instant petition [ Doc. no. 15] is **GRANTED**, and the instant petition is **DISMISSED WITHOUT PREJUDICE**. All pending motions are **DISMISSED AS MOOT**. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED** this the __3rd__ October, 2013.

---

in the initial appeal. *See Brandau v. State,* 662 So. 2d 1051, 1053 (Miss. 1995); Miss. R. App. P. 17. As such, the claims were not properly presented, or "fairly presented" to the court for review.

/s/ Michael P. Mills
_____
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**